# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | CHARLES P. KOCORAS | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 700 | **DATE** | February 14, 2013 |
| **CASE TITLE** | John Dailey (#2011-0604180) and Eric J. Hunt (#2012-0430195) vs. Cook County, Ill., et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiffs' respective motions for leave to proceed *in forma pauperis* (Docs [3] & [4]) are granted. The court authorizes and orders Cook County Jail officials to begin making monthly deductions from each inmate's trust fund account toward payment of the filing fee in accordance with this order. Each plaintiff must pay a separate $350.00 filing fee. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. The clerk is directed to issue summonses for service on the defendants by the U.S. Marshal. The clerk is also directed to send the plaintiffs copies of the court's notice of availability of magistrate judge and filing instructions along with a copy of this order.

■ [**For further details see text below.**]   **Docketing to mail notices.**

## STATEMENT

The plaintiffs, two detainees in the custody of the Cook County Department of Corrections, have brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiffs claim that the defendants, jail officials, have violated the plaintiffs' constitutional rights (and potentially the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*), by acting with deliberate indifference to their medical needs. More specifically, the plaintiffs allege that despite being extremely weak and often disoriented after dialysis treatment, they are denied the use of a wheelchair, frequently resulting in injuries from falls. The plaintiffs additionally contend that Cook County has a policy in place of refusing to accommodate inmates with disabilities.

Under the circumstances of this case, the court finds that Fed. R. Civ. P. 20(a) permits joinder of two co-plaintiffs litigating their claim in one action. *See Boriboune v. Berge*, 391 F.3d 852, 854-55 (7th Cir. 2004). However, the plaintiffs are advised that each co-plaintiff is obligated to pay a full, separate statutory filing fee. *Id.*, 391 F.3d at 855-56. Furthermore, pursuant to *Boriboune,* 391 F.3d at 856, the plaintiffs are alerted to the risks under Fed. R. Civ. P. Rule 11 (sanctions for frivolous pleadings) and 28 U.S.C. § 1915(g) (the "strike-out" statute). Each litigant is accountable for his co-plaintiff's claims; therefore, if one plaintiff is assessed a strike, his co-plaintiff will be assessed a strike as well. *Id.* Complaints about prison-wide practices do not require more than one plaintiff; furthermore, complaints with a common core plus additional claims by different prisoners increase each plaintiff's risks under Rule 11 and § 1915(g) without a corresponding reduction in the filing fee. *Id.* Therefore, each co-plaintiff may, if he wishes, advise the court that he wishes to "opt out" of this lawsuit. *Id.*

mjm

| STATEMENT (continued) |
|---|

    The plaintiffs' respective motions for leave to proceed *in forma pauperis* are granted. Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff John Dailey (#2011-0604180) is assessed an initial partial filing fee of $24.16. Plaintiff Eric J. Hunt (#2012-0430195) is assessed an initial partial filing fee of $1.00. The trust fund officer at the plaintiffs' current place of incarceration is authorized and ordered to collect the partial filing fee from each plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, each plaintiff's trust fund officer is directed to collect monthly payments from that plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow each plaintiff wherever he may be transferred. The trust fund officer is advised that each co-plaintiff is obligated to pay a full, separate statutory filing fee. *See Boriboune*, 391 F.3d at 855-56 (7th Cir. 2004).

    Under 28 U.S.C. § 1915A, the court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting the plaintiffs' factual allegations as true, the court finds that the complaint states colorable causes of action under the Civil Rights Act and the Americans with Disabilities Act. The Due Process Clause prohibits deliberate indifference to the serious medical needs of a pretrial detainee. *Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008); *Chapman v. Keltner*, 241 F. 3d 842, 845 (7th Cir. 2001); *but see Henderson v. Sheahan*, 196 F.3d 839, 844 (7th Cir. 1999) (inattention only to serious injury or signs of serious injury amounts to a constitutional violation). While a more fully developed record may belie the plaintiffs' claims, the defendants must respond to the allegations in the complaint.

    The clerk shall issue summonses for service of the complaint. The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for the plaintiffs to complete will be sent by the Marshal as appropriate to serve the defendants with process. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

    The plaintiffs are instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The plaintiffs must provide the court with the original plus a complete judge's copy of every document filed. In addition, both co-plaintiffs must sign every document filed and must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on the defendants' behalf]. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiffs.

**Date: February 14, 2013**

                                               **CHARLES P. KOCORAS**
                                               **U.S. District Judge**